19-3531
*In Re: Petrobras Sec. Litig.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

IN RE: PETROBRAS SECURITIES LITIGATION.

19-3531

---

WILLIAM THOMAS HAYNES, AS TRUSTEE FOR THE BENEFIT OF W THOMAS AND KATHERINE HAYNES IRREVOCABLE TRUST FOR THE BENEFIT OF SARA L HAYNES,

*Objector-Appellant*,

v.

UNIVERSITIES SUPERANNUATION SCHEME LIMITED, EMPLOYEES RETIREMENT SYSTEM OF THE STATE OF HAWAII, NORTH CAROLINA DEPARTMENT OF STATE TREASURER,

*Plaintiffs-Appellees.*[*]

FOR OBJECTOR-APPELLANT:                     ANNA ST. JOHN (Theodore H. Frank, *on the brief*), Hamilton Lincoln Law Institute Center for Class Action Fairness Washington, DC.

FOR PLAINTIFFS-APPELLEES                    JEREMY A. LIEBERMAN (Emma Gilmore,
UNIVERSITIES SUPERANNUATION                 Brenda F. Szydlo, Jennifer Banner Sobers, *on
SCHEME LIMITED AND NORTH                     the brief*), Pomerantz LLP, New York, NY.
CAROLINA DEPARTMENT OF
STATE TREASURER:

FOR PLAINTIFF-APPELLEE                       Thomas A. Dubbs and David J. Goldsmith,
EMPLOYEE RETIREMENT SYSTEM                   Labaton Sucharow LLP, New York, NY.
OF THE STATE OF HAWAII:

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Objector-appellant William Thomas Haynes appeals from a September 27, 2019 order awarding him a portion of the attorneys' fees and expenses he requested. In the underlying securities fraud class action, plaintiffs-appellees ("Class Counsel"), ultimately reached a settlement agreement with defendants, resulting in a $3 billion settlement fund. *See In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858 (S.D.N.Y. 2018). Haynes objected to the settlement, arguing that: (1) the class should not be certified; and (2) Class Counsel's requested fee award significantly overbilled the class for its services. Among other contentions, Haynes's fee objection advanced

---

[*] The Clerk of Court is respectfully directed to amend the caption to conform to the above.

2

two main arguments. First, Haynes argued that Class Counsel should have billed at cost the work performed by foreign attorneys incapable of being admitted to the bar *pro hac vice* (the "Brazilian objection"). Second, Haynes asserted that the rates that Class Counsel charged for domestic attorneys were exorbitant because the services those attorneys rendered, such as translating documents, were "devoid of legal judgment" and, therefore, did not constitute "legal work" (the "domestic objection"). Joint App'x at 208.

The district court overruled Haynes's objection to the certification of the settlement, but partially sustained his fee objection. *In re Petrobras Sec. Litig.*, 320 F. Supp. 3d 597, 600 (S.D.N.Y. 2018). The partial objection on which Haynes prevailed—the Brazilian objection—reduced Class Counsel's fee by some $46 million.[1] *Id.* Thereafter, Haynes sought $199,400 in fees as compensation for that $46 million benefit conferred on the class. On August 14, 2018, the district court awarded Haynes $11,731.65, citing Haynes's brief involvement in the case, the low risks he faced, and the fact that his other objections did not benefit the class. *Id.* at 601. Haynes timely appealed.

On September 5, 2019, we affirmed the district court's decision with respect to the certification objection but partially vacated as to the fee objection, remanding for the district court to expound on its rationale for the fee award. *In re Petrobras Sec. Litig.*, 786 F. App'x 274, 278–80 (2d Cir. 2019). Specifically, we raised two concerns: (1) the district court did not explain whether Haynes's Brazilian objection and his other fee objections "involve[d] a common core of

---

[1] Haynes argues—and Class Counsel does not dispute—that the net benefit to the class resulting from the Brazilian objection is approximately $46 million. The actual reduction in fees attributable to Haynes's objection was $49 million ($27.86 million in requested fees for the foreign attorneys multiplied by the 1.78 lodestar multiplier), but because the district court considered the foreign attorneys' work to be a cost, this $49 million figure was offset by an increase in costs of $3 million, for a net savings to the class of $46 million.

facts," pursuant to *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), such that his other fee objections would warrant compensation; and (2) the district court did not explain whether the "all inclusive" work required for Haynes to object at all, such as discovery, preparation for the fairness hearing, and otherwise meeting the requirements for objecting, should be awarded. *In re Petrobras Sec. Litig.*, 786 F. App'x at 279.

On remand, the district court found that the Brazilian objection was a "rather narrow and technical" one, and the domestic objection was "sufficiently distinct" from the Brazilian objection such that time spent on the unsuccessful domestic objection did not merit any additional award. *In re Petrobras Sec. Litig.*, No. 14-CV-9662 (JSR), 2019 WL 4727534, at *2–3 (S.D.N.Y. Sept. 27, 2019). The district court also increased Haynes's fee award from $11,731.65 to $33,741.65 to account for certain all-inclusive activities, which the district court described as general preliminary activities "necessary to sustain Haynes's status as an objector." *Id.* at *4–5. Again, Haynes timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's fee award for abuse of discretion. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). The abuse of discretion standard "takes on special significance when reviewing fee decisions." *Id.*; *see In re Bolar Pharm. Co., Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam) ("[T]he district court, which is intimately familiar with the nuances of the case, is in a far better position to make [fee award] decisions than is an appellate court, which must work from a cold record."). Under that deferential standard, we will overturn a fee award only where a district court has made "mistake[s] of law . . . or clearly erroneous factual finding[s]." *Goldberger*, 209 F.3d at 47; *see also Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009).

4

In our prior decision, we directed the district court to explain whether, and why, it deemed Haynes's Brazilian and domestic objections sufficiently separate to constitute discrete claims. *In re Petrobras Sec. Litig.*, 786 F. App'x at 279. On remand, the district court acknowledged that the objections are related insomuch as both allege that Class Counsel overbilled the class. *In re Petrobras Sec. Litig.*, 2019 WL 4727534, at *3. The district court, however, found no ties beyond that common theme. Instead, it determined that the Brazilian objection raised a "narrow" legal theory—namely, "that an attorney must be at least capable of being admitted *pro hac vice* in the relevant court in order for her services to be added to the attorneys' fee lodestar, rather than billed as an at-cost expense." *Id.* The district court concluded that the legal theory underpinning the Brazilian objection had no bearing on its domestic counterpart, finding further that the domestic objection, while also tied to Class Counsel's billing practices, did not turn on rate information for foreign attorneys and challenged "different aspects of Class Counsel's lodestar calculation." *Id.*

Implicit in the district court's decision is the fundamental difference between the two objections: the Brazilian objection turns on *who* can charge legal fees, while the domestic objection turns on *the type of work* that Class Counsel can charge as legal fees. The distinct issues those separate objections raise—even if both nominally arise under the broad banner of overbilling—implicate different facts and legal theories. More specifically, an assertion of the Brazilian objection would only require a relatively simple factual inquiry to confirm that the foreign attorneys were not admitted *pro hac vice*, nor were they capable of such admission, and then basic legal research to find the case authority holding that such attorneys should be billed at cost. No detailed review of the time entries, or any other in-depth factual or legal analysis would be reasonable or necessary to prepare and file this stand-alone objection, which was the only ground for success. In short, the district court did not err in finding this objection to be distinct, let alone

5

abuse its discretion.  *See Goldberger*, 209 F.3d at 47.

Haynes also argues that the district court abused its discretion by attributing an erroneously small benefit to the class resulting from his Brazilian objection.  On remand, the district court did undervalue the benefit the Brazilian objection conferred on the class by $28 million, suggesting that the benefit was only $18 million, *In re Petrobras Sec. Litig.*, 2019 WL 4727534, at *1, even though it had concluded in its previous opinion that the benefit was $46 million, *In re Petrobras Sec. Litig.*, 320 F. Supp. 3d at 600.  It is clear, however, that this miscalculation was immaterial to the district court's decision on remand, which focused exclusively on the interrelatedness of the fee objections and whether to compensate all-inclusive activities.  In other words, in its first decision, the district court found that Haynes "significantly contributed to one aspect of the class's recovery, because a $46 million reduction in Class Counsel's fee award is directly attributable" to the Brazilian objection.  *Id.*  Thus, the district court issued the initial $11,731.65 award utilizing the correct figure of a $46 million benefit for the Brazilian objection.  *Id.* at 601.  On remand, the district court did not reduce the amount it found attributable to that Brazilian objection based upon the erroneous revised calculation of the benefit and, in fact, it had no occasion to re-visit that issue or amount once it determined (pursuant to the remand) that the Brazilian objection was not interrelated with the domestic objection.  *In re Petrobras Sec. Litig.*, 2019 WL 4727534, at *2.  Accordingly, because the erroneous calculation was immaterial to the district court's analysis on remand, it is not a basis to find that the district court abused its discretion in reaching its conclusion.

To the extent that Haynes contends that the district court's mathematical error means that it failed to consider the degree of success obtained as the foremost factor when calculating the fee award, *see Hensley*, 461 U.S. at 436, we disagree.  To the contrary, the district court's repeated reference to the "successful objection" indicates that it was acutely aware of the importance of the

6

degree of success, as well as the success that Haynes achieved for the class. *In re Petrobras Sec. Litig.*, 2019 WL 4727534, at *2-4. In its initial decision, the district court simply found that Haynes achieved less success than he believed, in light of the $3 billion settlement as a whole. Given its conclusion on remand that the Brazilian objection was distinct, there was no need for the district court to re-visit the degree of success issue and the erroneous calculation of the conferred benefit, as noted above, became immaterial. The district court's issuance of a proportionate fee award based upon the limited degree of success in light of the settlement as a whole was not founded upon any erroneous mathematical calculation and was well within the broad sweep of the district court's discretion.

Finally, we instructed the district court to explain why it denied Haynes's request for fees to compensate his counsel for their all-inclusive activities. *In re Petrobras Sec. Litig.*, 786 F. App'x at 279 (citing *Hensley*, 461 U.S. at 437). It is well established that *Hensley* does not require a line-by-line accounting of every cost included or excluded from the fee award, but requires only that district courts "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

On remand, the district court increased Haynes's fee award by $22,010, or two-thirds of attorney Anna St. John's lodestar that was attributable to all-inclusive activities. *In re Petrobras Sec. Litig.*, 2019 WL 4727534, at *4–5. The district court reasoned that "counsel who prepare a partially-successful objection may sometimes be entitled to recover costs for activities that do not relate directly to the ultimately-successful objection but without the performance of which it 'would have been quite impossible' to raise any objection at all." *Id.* at *4 (quoting *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C 07-5634 (CRB), 2015 WL 4776946, at *2 (N.D. Cal. Aug. 13, 2015)). The district court further explained why it chose not to award Haynes's counsel

7

for the total all-inclusive activities, citing a number of factors that influenced its decision, such as the short period of time that Haynes was involved in the action, the limited amount of risk he faced relative to the litigation as a whole, and the fact that the discovery requests likely stemmed at least in part from the objections that were meritless. *Id.* That rationale is more than sufficient to satisfy the *Hensley* standard. *See Hensley*, 461 U.S. at 437. Although Haynes argues that the factors on which the district court relied were improper, Haynes's disagreement with the district court's analysis does not render such analysis an abuse of direction.

Haynes further argues that the district court erred by failing to award fees for the all-inclusive activities of his attorneys Melissa Holyoak and Adam Schulman without explanation, which amounted to a total of less than $4,000.[2] Although the district court did not specifically explain why it declined to award such fees for Holyoak and Schulman, the record supports its decision not to do so. *In re Bolar Pharm. Co., Inc., Sec. Litig.*, 966 F.2d at 733 ("Although the district court gave few reasons for awarding [the] fees and expenses, the findings supporting that conclusion are clearly apparent from the record, and the award does not constitute an abuse of the district court's discretion."); *see also Prod. & Maint. Emps.' Loc. 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1405 (7th Cir. 1992) ("[L]ack of explanation is often sufficient in itself to constitute an abuse of discretion where the reasons for a decision left unexplained *are not apparent from the record*." (emphasis added)). We find that it was not an abuse of discretion to decline to award fees for all-inclusive activities as it related to the limited work of these two additional attorneys, for the same reasons the district court declined to award St. John her full lodestar for such activities. In addition, we agree with Class Counsel that the billing entries provided are either too vague or

---

[2] In total, Holyoak's approximate four hours of work at a rate of $525, and Schulman's approximate 4.2 hours at a rate of $375, result in $3,675 for their estimated fee for their all-inclusive activities.

duplicative of St. John's work to merit fees for all-inclusive activities. For example, the majority of entries for Holyoak refer vaguely to the objection. Joint App'x at 424–25. As for potential all-inclusive activities, she devoted approximately four hours to discovery requests and preparation for the hearing. Joint App'x at 425. Similarly, as to Schulman, the majority of his entries are dedicated to the objection, Joint App'x at 428–29, and only a few entries mention discovery or the hearing, for a generous estimate of 4.2 hours, Joint App'x at 429. Because the district court had no obligation to scrutinize Haynes's fee application line by line, *see Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014), and given the deferential standard of review, we hold that it was not an abuse of discretion to decline to award fees for Holyoak and Schulman's all-inclusive work.

We are confident that, after two fee award decisions and several years attending to the underlying litigation, the district court is intimately familiar with the case, which attests to the reasonableness of the district court's decision regarding the all-inclusive activities. *See Goldberger*, 209 F.3d at 50 ("[T]he reasonableness of the claimed lodestar can be tested by the court's familiarity with the case . . . .").

*        *        *

We have reviewed the remainder of Haynes's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9